# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KIMBERLY WILLIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-14-261-R** |
| | ) | |
| **U.S. DEPARTMENT OF HEALTH** | ) | |
| **AND HUMAN SERVICES,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss. Doc. No. 16. For the following reasons, this motion is GRANTED, and Plaintiff's case is DISMISSED in its entirety.

Plaintiff Kimberly Willis alleges she was diagnosed with cancer in 2003.[1] In dealing with her cancer, she allegedly chose natural treatment methods as opposed to conventional medicine. During her fight with cancer from 2003 to the present, Plaintiff alleges that she has not had health insurance, and she further states that she does not plan on acquiring any health insurance in the future.

Pursuant to 42 U.S.C. § 1983, Plaintiff has sued the United States Department of Health and Human Services, the Secretary of the United States Department of Health and Human Services in her official capacity, the Internal Revenue Service, the Commissioner of the Internal Revenue Service in his official capacity, the United States Department of

---

[1] The Court notes that *pro se* filings are to be construed liberally. However, this does not relieve Plaintiff "of the burden of alleging sufficient facts on which a recognized legal claim could be based," and the Court will not assume the role of advocate for Plaintiff. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the Treasury, the Secretary of the United States Department of the Treasury in his official capacity, and the President of the United States in his official capacity. Plaintiff asserts that in enacting the mandates contained in the Affordable Care Act (ACA), Defendants violated the liberty provided to her in the Constitution, as well as "the choices that [she] make[s] to care for [her] personal Health & Wellness as an Independent and Sovereign individual." Doc. No. 1, at 2. Because of this, Plaintiff has requested a permanent injunction prohibiting Defendants from enforcing any part of the ACA, including its penalties, against her.

Defendants have moved to dismiss Plaintiff's case under Fed. R. Civ. P. 12(b)(1) and (6), arguing: (1) that Plaintiff lacks standing; (2) that the Court lacks jurisdiction under 42 U.S.C. § 1983; (3) that the Court lacks jurisdiction to enjoin the President from performing his official duties; and (4) that Plaintiff has failed to state a claim upon which relief could be granted. The Court agrees with each of these propositions.

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for a lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing its existence. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). As Defendants' motion is clearly a facial attack on jurisdiction, the Court must accept all allegations contained in Plaintiff's Complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).

A party may move to dismiss a complaint for a lack of standing under Fed. R. Civ. P. 12(b)(1). *See Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1167-68 (10th Cir. 2011); *Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). To establish

standing, a plaintiff must allege an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (citation omitted).

The allegations in Plaintiff's Complaint are altogether deficient with respect to standing. Absent from Plaintiff's allegations is anything establishing a concrete, particularized, and actual or imminent injury, which is fairly traceable to the ACA and redressable by this Court. Plaintiff does not even allege that she is subject to the ACA, let alone subject to the ACA's minimum essential coverage provision that requires the procurement of insurance or taxes the individual for failing to do so. Plaintiff also fails to identify either the provisions contained in the ACA that allegedly violate her constitutional liberties, or the provisions of the Constitution that the ACA violates. It is thus abundantly clear that Plaintiff has only asserted a generalized grievance about the government in this case, for which no standing lies. *See Baldwin v. Sebelius*, 654 F.3d 877, 879 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992)). Therefore, Plaintiff's case is DISMISSED.

Plaintiff has also failed to properly invoke the Court's jurisdiction in this case. Plaintiff has attempted to invoke the Court's jurisdiction pursuant to 42 U.S.C. § 1983. Yet Section 1983 "applies to actions by state and local entities, not to the federal government." *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (citations omitted). Further, this section does not apply to federal officers acting under color of federal law. *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) (citation

omitted). Therefore, Plaintiff's attempt at suing three federal agencies and four federal officers acting in their official capacities under federal law pursuant to Section 1983 is clearly improper.

Plaintiff's argument in her response brief only amplifies the futility of her position. In her response, Plaintiff argues that the federal government is a trustee created by the people, and trustees are included in the definition of the term "person" under 29 U.S.C. § 152. Plaintiff asserts that this means that "the United States and its governmental entities are 'persons' within the meaning of 42 U.S.C. [§] 1983." Doc. No. 18, at 4. Notwithstanding the fact that the definitions contained in 29 U.S.C. § 152 do not apply to 42 U.S.C. § 1983 and instead apply to Subchapter II of Chapter 7 of Title 29 of the United States Code,[2] Plaintiff's position is in direct conflict with the controlling precedent previously cited by the Court. It follows that Plaintiff has failed to invoke the Court's jurisdiction, and her case is DISMISSED.

Plaintiff has also attempted to sue the President of the United States in his official capacity, requesting a permanent injunction prohibiting him from enforcing any part of the ACA against her. Plaintiff's attempt to do so contravenes an extensive amount of well-settled law. Specifically, her request for an injunction against the President raises serious separation of powers concerns. Longstanding legal authority establishes that the judiciary does not possess the power to issue an injunction against the President or Congress. *See Mississippi v. Johnson*, 71 U.S. 475, 500 (1866) ("Neither [the Congress

---

[2] The first five words in 29 U.S.C. § 152 are, "When used in this subchapter," meaning that the definitions found in this section only apply to the subchapter in which this section is located. Section 1983 is not even located in the same title as this definitions section, much less the same subchapter.

nor the President] can be restrained in its action by the judicial department; though the acts of both, when performed, are, in proper cases, subject to its cognizance."); *see also Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992) (plurality opinion) ("[I]n general 'this court has no jurisdiction of a bill to enjoin the President in the performance of his official duties.'")

Once again, Plaintiff's argument in her response brief only worsens matters. Rather than paraphrasing her statements, the Court chooses to quote them:

> The Defendants state that due to the "separation of powers", the Court has no jurisdiction to enjoin the President. *See* Motion pg 11, ¶1 L2. How quickly they forget about the "balance of powers" – three separate *but equal* branches of government established so that each can counterbalance the other. (emphasis added).

> Furthermore, the government is created by the people. It is the individual who is sovereign, not the government. The Defendants have the audacity to state "the Court lacks jurisdiction over Plaintiff's claim against the President, and must dismiss her Complaint with *respect to him*." *See* Motion pg 12, ¶2, L5 (emphasis added). I might remind the Defendants that respect is not a given, it is earned. How dare they ask the Court to enact justice out of favoritism. That too is asking the Court to discriminate against the Plaintiff based on the "title" of the President.

> What we have here is another example of the "balance of powers." The government is not superior to the people. The government is subject to the "self-governed." The created is subject to the creator.

> The President, and each of the individuals and entities named in the Complaint, are subject to the people. The people are the employers and the defendants are the employees. If it were only myself, a Sovereign individual, and the President on this planet, the President would answer to me. The government answers to the "self-governed."

Doc. No. 18, at 4-5. The Court does not know what to make of these statements, other than to remark that they border on the illogical. As previously explained, it is well-settled

that the Court does not have the power to enjoin the President in the performance of his official duties. Thus, Plaintiff's Complaint is DISMISSED with respect to the President.

Finally, even if Plaintiff had standing to sue and the Court possessed jurisdiction over this case, Plaintiff has still failed to state a claim upon which relief could be granted. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, all well-pleaded factual allegations must be accepted as true. *Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998) (citation omitted). And furthermore, those allegations, and all reasonable inferences therefrom, must be construed in the light most favorable to the non-moving party. *Id.* at 1203 (citation omitted).

Plaintiff is apparently arguing that the enactment of the ACA violated the Constitution. But Plaintiff has neither identified the provisions of the Constitution that were allegedly violated, nor identified which provisions of the ACA that allegedly violate the Constitution. Even more problematic, the Supreme Court has already considered a constitutional challenge to the minimum essential coverage provision in the ACA (which the Court assumes to be the provision Plaintiff is challenging), and the Supreme Court upheld the provision as constitutional. *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S.Ct. 2566, 2593-2600 (2012) (*NFIB*). Plaintiff argues in her response brief that "she has differentiated her case from *NFIB* in every way." Doc. No. 18, at 5. However, after stating this, Plaintiff does nothing to explain how her case is different from the challenge

brought in *NFIB*. Even construing the Complaint's limited factual allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to differentiate her case from *NFIB* in any way. Plaintiff's case is thus foreclosed by Supreme Court precedent, meaning that she has failed to state a plausible claim upon which relief could be granted. Therefore, Plaintiff's case is DISMISSED.

In sum, Plaintiff has failed to establish that she possesses standing to sue in this case, she has failed to establish that the Court has jurisdiction to hear this case, she has requested the Court to enjoin the President in the performance of his official duties—something the Court cannot do, and she has failed to state a plausible claim to relief. Plaintiff's filing is frivolous and a waste of judicial resources. Accordingly, Defendants' Motion to Dismiss is GRANTED, and Plaintiff's case is DISMISSED in its entirety.

IT IS SO ORDERED this 6th day of August, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE